## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| DATA SCAPE LIMITED,<br><br>        Plaintiff,<br><br>        v.<br><br>PFU (EMEA) LIMITED, and FUJITSU LIMITED,<br><br>        Defendants. | C.A. No. 6:18-cv-00659<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* in which Plaintiff Data Scape Limited ("Plaintiff," "Data Scape") makes the following allegations against Defendants PFU (EMEA) Limited, and Fujitsu Limited (collectively, "Defendants" or "Fujitsu"):

## PARTIES

1.      Data Scape is a company organized under the laws of Ireland with its office located at Office 115, 4-5 Burton Hall Road, Sandyford, Dublin 18, Ireland.

2.      On information and belief, Defendant PFU (EMEA) Limited is a United Kingdom company with principal place of business at Hayes Park Central, Hayes End Road, Hayes, Middlesex UB4 8FE, United Kingdom. Defendant Fujitsu Limited is a Japanese corporation with its principal place of business at Shiodome City Center, 1-5-2, Higashi-Shimbashi, Minato-ku, Tokyo 105-7123, Japan. PFU (EMEA) Limited is a wholly owned subsidiaries of Fujitsu Limited. Fujitsu offers its products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas and in this District.

## JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      This Court has personal jurisdiction over Fujitsu in this action because Fujitsu has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Fujitsu would not offend traditional notions of fair play and substantial justice.  Fujitsu, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the asserted patents.

5.      Venue is proper in this district under 28 U.S.C. § 1400(b).  Upon information and belief, Fujitsu has transacted business in the Eastern District of Texas and has committed acts of direct and indirect infringement in the Eastern District of Texas.  Fujitsu has regular and established place(s) of business in this District, as set forth above.  As foreign entities accused of infringing United States Patents, venue is additionally proper over Fujitsu in this District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,720,929

6.      Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

7.      Data Scape is the owner by assignment of United States Patent No. 7,720,929 ("the '929 Patent") entitled "Communication System And Its Method and Communication Apparatus And Its Method."  The '929 Patent was duly and legally issued by the United States Patent and Trademark Office on May 18, 2010.  A true and correct copy of the '929 Patent is included as Exhibit A.

8.      On information and belief, Fujitsu has offered for sale, sold and/or imported into the United States Fujitsu products and services that infringe the '929 patent, and continues to do so.  By way of illustrative example, these infringing products and services include, without limitation, Fujitsu products and services, *e.g.*, ScanSnap Sync, ScanSnap iX500, iX100, SV600, S1300i and S1100i, ScanSnap Connect Application, ScanSnap Organizer, and all versions and variations thereof since the issuance of the '929 Patent ("Accused Instrumentalities").

9.      On information and belief, Fujitsu has directly infringed and continues to infringe the '929 Patent, for example, by making, selling, offering for sale, and/or importing the Accused Instrumentalities, and through its own use and testing of the Accused Instrumentalities, which constitute communication system of Claim 1 of the '929 Patent comprising: a first apparatus having a first storage medium, and a second apparatus, said second apparatus comprising: a second storage medium configured to store management information of data to be transferred to said first storage medium, a communicator configured to communicate data with said first apparatus, a detector configured to detect whether said first apparatus and said second apparatus are connected, an editor configured to select certain data to be transferred and to edit said management information based on said selection without regard to the connection of said first apparatus, and a controller configured to control transfer of the selected data stored in said second apparatus via said communicator based on said management information edited by said editor when said detector detects that said first apparatus and said second apparatus are connected, wherein said controller is configured to compare said management information edited by said editor with management information of data stored in said first storage medium and to transmit data in said second apparatus based on the results of the comparison.  Upon information and belief, Fujitsu uses the Accused Instrumentalities, which are infringing systems, for its own internal non-testing business purposes, while

testing the Accused Instrumentalities, and while providing technical support and repair services for the Accused Instrumentalities to Fujitsu's customers.

10.     On information and belief, Fujitsu has had knowledge of the '929 Patent since at least the filing of the original Complaint in this action, or shortly thereafter, and on information and belief, Fujitsu knew of the '929 Patent and knew of its infringement, including by way of this lawsuit. By the time of trial, Fujitsu will have known and intended (since receiving such notice) that their continued actions would actively induce and contribute to the infringement of the claims of the '929 Patent.

11.     On information and belief, use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the claims of the '929 Patent.

12.     Fujitsu's affirmative acts of making, using, selling, offering for sale, and/or importing the Accused Instrumentalities have induced and continue to induce users of the Accused Instrumentalities to use the Accused Instrumentalities in their normal and customary way to infringe the claims of the '929 Patent, knowing that when the Accused Instrumentalities are used in their ordinary and customary manner, such systems constitute infringing communication systems comprising: a first apparatus having a first storage medium, and a second apparatus, said second apparatus comprising: a second storage medium configured to store management information of data to be transferred to said first storage medium, a communicator configured to communicate data with said first apparatus, a detector configured to detect whether said first apparatus and said second apparatus are connected, an editor configured to select certain data to be transferred and to edit said management information based on said selection without regard to the connection of said first apparatus, and a controller configured to control transfer of the selected data stored in said second apparatus via said communicator based on said management information edited by said editor when said detector detects that said first apparatus and said second apparatus are connected, wherein said controller is configured to compare said management information edited by said editor with management information of data stored

in said first storage medium and to transmit data in said second apparatus based on the results of the comparison.  For example, Fujitsu explains to customers the benefits of using the Accused Instrumentalities, such as by touting their advantages of enhancing "the overall 'organization' of scanned content between systems."  *See* http://www.fujitsu.com/us/about/resources/news/press-releases/2015/fcpa-20151102.html.  Fujitsu also induces its customers to use the Accused Instrumentalities to infringe other claims of the '929 Patent.  Fujitsu specifically intended and was aware that the normal and customary use of the Accused Instrumentalities on compatible systems would infringe the '929 Patent.  Fujitsu performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '929 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, Fujitsu engaged in such inducement to promote the sales of the Accused Instrumentalities, *e.g.,* through Fujitsu's user manuals, product support, marketing materials, demonstrations, installation support, and training materials to actively induce the users of the accused products to infringe the '929 Patent.  Accordingly, Fujitsu as induced and continues to induce end users of the accused products to use the accused products in their ordinary and customary way with compatible systems to make and/or use systems infringing the '929 Patent, knowing that such use of the Accused Instrumentalities with compatible systems will result in infringement of the '929 Patent. Accordingly, Fujitsu has been (since at least as of filing of the original complaint), and currently is, inducing infringement of the '929 Patent, in violation of 35 U.S.C. § 271(b).

13.    Fujitsu has also infringed, and continues to infringe, claims of the '929 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Instrumentalities, which are used in practicing the process, or using the systems, of the '929 patent, and constitute a material part of the invention.  Fujitsu knows the components in the Accused Instrumentalities to be especially made or especially

adapted for use in infringement of the '929 patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. For example, the ordinary way of using the Accused Instrumentalities infringes the patent claims, and as such, is especially adapted for use in infringement. Accordingly, Fujitsu has been, and currently is, contributorily infringing the '929 patent, in violation of 35 U.S.C. § 271(c).

14.    The Accused Instrumentalities include "[a] communication system including a first apparatus having a first storage medium, and a second apparatus."  For example, the Accused Instrumentalities include ScanSnap scanners connected to a PC or a MAC device. Moreover, the Accused Instrumentalities synchronizes scanned data between a PC or a MAC device and iPad® and iPhone® devices (e.g., "[S]canned data will be synced automatically through your chosen cloud service." https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-eng-brochure.pdf) (e.g., see figures below).



https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-eng-brochure.pdf



http://www.fujitsu.com/global/products/computing/peripheral/scanners/scansnap/feature/ssca.html.  Furthermore, tablets and smartphones (e.g., iPad®, iPhone® or Android) include a storage medium.

15.    The Accused Instrumentalities include "a second apparatus comprising: a second storage medium configured to store management information of data to be transferred to said first storage medium."  For example, the Accused Instrumentalities include ScanSnap scanners connected to a PC or a MAC device.  For example, the Accused Instrumentalities provide ScanSnap Organizer running on the PC or MAC devices with "70MB or more of free hard disk space."

### 1.1. System Requirements

The following system requirements are essential for ScanSnap Organizer.

| PC | CPU | Intel® Pentium® III Processor 600MHz or higher (Intel® Pentium® 4 Processor 1.8GHz or higher recommended) |
|---|---|---|
| | RAM | 128MB or more |
| | Hard disk space | 70MB or more of free hard disk space is essential |
| Operating System | | · Windows 98, or Windows 98 Second Edition<br>· Windows Me<br>· Windows 2000<br>· Windows XP |

http://scansnap.fujitsu.com/download/organizer/P2WW-1850-01ENZ0.pdf.    As another example, the Accused Instrumentalities store management information about files and folders structure in the ScanSnap Sync folder.



http://www.documentsnap.com/scansnap-sync/.  Moreover, the Accused Instrumentalities

disclose "[S]canned data will be synced automatically through your chosen cloud service."



https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-

eng-brochure.pdf.  As another example, files and folders stored in the ScanSnap Sync

folder of a PC or a MAC device are transferred to a mobile device (e.g., iPad®, iPhone®

or Android).

Use ScanSnap Sync on Mobile Device

Once you've selected a Cloud service in ScanSnap Connect on your iOS or Android device, the files
and folders you have saved in ScanSnap Sync on your computers should appear.



http://www.documentsnap.com/scansnap-sync/.

16.     The Accused Instrumentalities include a second apparatus comprising "a communicator configured to communicate data with said first apparatus."  For example, the Accused Instrumentalities include a router configured to communicate data between a PC or a MAC device and tablet/Smartphone devices.



http://www.fujitsu.com/global/products/computing/peripheral/scanners/scansnap/feature/ssca.html.

17.     The Accused Instrumentalities further include a second apparatus comprising "a detector configured to detect whether said first apparatus and a second apparatus are connected."  For example, the Accused Instrumentalities include LAN or WIFI devices configured to detect whether a PC or a MAC device is connected to tablet/Smartphone devices. (e.g., See figures below).  As another example, the Accused Instrumentalities include networking devices configured to detect whether a PC or a MAC device is connected to tablet/Smartphone devices (e.g., see figure below).



http://www.fujitsu.com/global/products/computing/peripheral/scanners/scansnap/feature/ssca.html.



https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-eng-brochure.pdf.  As another example, the Accused Instrumentalities provide that "[O]nly one mobile device can be connected at a time when scanning to a mobile device via a computer."  http://www.fujitsu.com/global/products/computing/peripheral/scanners/scansnap/feature/ssca.html.

18.    The Accused Instrumentalities further include a second apparatus comprising "an editor configured to select certain data to be transferred and to edit said management information based on said selection without regard to the connection of said first apparatus."  For example, the Accused Instrumentalities provide ScanSnap Organizer running on the PC or MAC devices. http://scansnap.fujitsu.com/download/organizer/P2WW-1850-01ENZ0.pdf.  As another example, the Accused Instrumentalities store management information about files and folders scanned into ScanSnap Organizer. (See figures below).



http://www.fujitsu.com/downloads/COMP/fel/scanners/documents/p2ww-2621-01enz0.pdf.



http://www.documentsnap.com/scansnap-sync/.    As another example, the Accused Instrumentalities are configured to select data to be transferred by dragging files or folders into ScanSnap Sync folder.  Moreover, the Accused Instrumentalities disclose "[S]canned data will be synced automatically through your chosen cloud service." https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-eng-brochure.pdf.



http://www.documentsnap.com/scansnap-sync/.

19.     The Accused Instrumentalities further include a second apparatus comprising "a controller configured to control transfer of the selected data stored in said second apparatus to said first apparatus via said communicator based on said management information edited by said editor when said detector detects that said first apparatus and said second apparatus are connected."   For example, the Accused Instrumentalities are configured to transfer files or folders in the ScanSnap Sync folder.   As another example, the Accused Instrumentalities disclose "[S]canned data will be synced automatically through your chosen cloud service."



https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-eng-brochure.pdf.

20.     The Accused Instrumentalities further include a second apparatus "wherein said controller is configured to compare said management information edited by said editor

with management information of data stored in said first storage medium and to transmit data in said second apparatus based on result of the comparison."   For example, the Accused Instrumentalities compares the management information edited by ScanSnap Organizer running on Windows with the management information stored in another ScanSnap Organizer running on Mac or in ScanSnap Connect running on IOS or Android devices. (e.g., See figures below).

Here I added a new PDF to Windows ScanSnap Organizer:



It almost immediately appeared in ScanSnap Organizer on the Mac.



Once you've selected a Cloud service in ScanSnap Connect on your iOS or Android device, the files and folders you have saved in ScanSnap Sync on your computers should appear.



http://www.documentsnap.com/scansnap-sync/.   As another example, the Accused Instrumentalities disclose that scanned data in ScanSnap Sync folder "will be synced automatically through your chosen cloud service."



https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-eng-brochure.pdf.

19.    Fujitsu also infringes other claims of the '929 Patent, directly and through inducing infringement and contributory infringement.

20.    By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, and touting the benefits of using the Accused Instrumentalities' accused features, Fujitsu has injured Data Scape and is liable to Data Scape for infringement of the '929 Patent pursuant to 35 U.S.C. § 271.

21.    As a result of Fujitsu 's infringement of the '929 Patent, Plaintiff Data Scape is entitled to monetary damages in an amount adequate to compensate for Fujitsu's infringement, but in no event less than a reasonable royalty for the use made of the invention by Fujitsu , together with interest and costs as fixed by the Court.

**COUNT II**

**INFRINGEMENT OF U.S. PATENT NO. 7,617,537**

24.    Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

25.    Data Scape is the owner by assignment of United States Patent No. 7,617,537 ("the '537 Patent") entitled "Communication System And Its Method and

Communication Apparatus And Its Method." The '537 Patent was duly and legally issued by the United States Patent and Trademark Office on Nov. 10, 2009. A true and correct copy of the '537 Patent is included as Exhibit B.

26. On information and belief, Fujitsu has offered for sale, sold and/or imported into the United States Fujitsu products and services that infringe the '537 patent, and continues to do so. By way of illustrative example, these infringing products and services include, without limitation, Fujitsu's products and services, *e.g.*, ScanSnap Sync, ScanSnap iX500, iX100, SV600, S1300i and S1100i, ScanSnap Connect Application, ScanSnap Organizer, and all versions and variations thereof since the issuance of the '537 Patent ("Accused Instrumentalities").

27. On information and belief, Fujitsu has directly infringed and continues to infringe the '537 Patent, for example, by making, selling, offering for sale, and/or importing the Accused Instrumentalities, and through its own use and testing of the Accused Instrumentalities, which constitute communication method of Claim 1 of the '537 Patent, to transfer content data to a first apparatus from a second apparatus, comprising: judging whether said first apparatus and said second apparatus are connected; comparing, upon judging that said first apparatus and said second apparatus are connected, an identifier of said first apparatus with an identifier stored in said second apparatus; comparing, when said identifier of said first apparatus corresponds to said identifier stored in said second apparatus, a first list of content data of said first apparatus and a second list of content data of said second apparatus; transferring, from the second apparatus to the first apparatus, first content data, which is registered in said second list and is not registered in said first list; and deleting, from the first apparatus, second content data, which is registered in said first list and is not registered in said second list. Upon information and belief, Fujitsu uses the Accused Instrumentalities, which are infringing systems, for its own internal non-testing business purposes, while testing the Accused Instrumentalities, and while providing

technical support and repair services for the Accused Instrumentalities to Fujitsu's customers.

28.     On information and belief, Fujitsu has had knowledge of the '537 Patent since at least the filing of the original Complaint in this action, or shortly thereafter, and on information and belief, Fujitsu knew of the '537 Patent and knew of its infringement, including by way of this lawsuit. By the time of trial, Fujitsu will have known and intended (since receiving such notice) that their continued actions would actively induce and contribute to the infringement of the claims of the '537 Patent.

29.     On information and belief, use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the claims of the '537 Patent.

30.     Fujitsu's affirmative acts of making, using, selling, offering for sale, and/or importing the Accused Instrumentalities have induced and continue to induce users of the Accused Instrumentalities to use the Accused Instrumentalities in their normal and customary way to infringe the claims of the '537 Patent, knowing that when the Accused Instrumentalities are used in their ordinary and customary manner, such method constitute infringing communication method comprising: judging whether said first apparatus and said second apparatus are connected; comparing, upon judging that said first apparatus and said second apparatus are connected, an identifier of said first apparatus with an identifier stored in said second apparatus; comparing, when said identifier of said first apparatus corresponds to said identifier stored in said second apparatus, a first list of content data of said first apparatus and a second list of content data of said second apparatus; transferring, from the second apparatus to the first apparatus, first content data, which is registered in said second list and is not registered in said first list; and deleting, from the first apparatus, second content data, which is registered in said first list and is not registered in said second list.  For example, Fujitsu explains to customers the benefits of using the Accused Instrumentalities, such as by touting their advantages of enhancing "the overall 'organization' of scanned content between systems."        *See*

http://www.fujitsu.com/us/about/resources/news/press-releases/2015/fcpa-20151102.html.  Fujitsu also induces its customers to use the Accused Instrumentalities to infringe other claims of the '537 Patent.  Fujitsu specifically intended and was aware that the normal and customary use of the Accused Instrumentalities on compatible systems would infringe the '537 Patent.  Fujitsu performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '537 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, Fujitsu engaged in such inducement to promote the sales of the Accused Instrumentalities, *e.g.,* through Fujitsu's user manuals, product support, marketing materials, demonstrations, installation support, and training materials to actively induce the users of the accused products to infringe the '537 Patent. Accordingly, Fujitsu as induced and continues to induce end users of the accused products to use the accused products in their ordinary and customary way with compatible systems to make and/or use systems infringing the '537 Patent, knowing that such use of the Accused Instrumentalities with compatible systems will result in infringement of the '537 Patent. Accordingly, Fujitsu has been (since at least as of filing of the original complaint), and currently is, inducing infringement of the '537 Patent, in violation of 35 U.S.C. § 271(b).

31.    Fujitsu has also infringed, and continues to infringe, claims of the '537 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Instrumentalities, which are used in practicing the process, or using the systems, of the '537 patent, and constitute a material part of the invention.  Fujitsu knows the components in the Accused Instrumentalities to be especially made or especially adapted for use in infringement of the '537 patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. For example, the ordinary way of using the Accused Instrumentalities infringes the patent claims, and as such, is especially

adapted for use in infringement. Accordingly, Fujitsu has been, and currently is, contributorily infringing the '537 patent, in violation of 35 U.S.C. § 271(c).

32.     The Accused Instrumentalities perform "[a] communication method to transfer content data to a first apparatus from a second apparatus."  For example, the Accused Instrumentalities include ScanSnap scanners connected to a PC or a MAC device. Moreover, the Accused Instrumentalities synchronizes scanned data between a PC or a MAC device and iPad® and iPhone® devices (e.g., "[S]canned data will be synced automatically through your chosen cloud service." https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-eng-brochure.pdf) (e.g., see figures below).



https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-eng-brochure.pdf



http://www.fujitsu.com/global/products/computing/peripheral/scanners/scansnap/feature/sscn.html.

33.     The Accused Instrumentalities perform a method comprising "judging whether said first apparatus and said second apparatus are connected."  For example, the Accused Instrumentalities include LAN or WIFI devices configured to judge whether a PC or a MAC device is connected to tablet/Smartphone devices. (e.g., See figures below).



http://www.fujitsu.com/global/products/computing/peripheral/scanners/scansnap/feature/ssca.html.



https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-eng-brochure.pdf.  As another example, the Accused Instrumentalities provide that "[O]nly one mobile device can be connected at a time when scanning to a mobile device via a computer."   http://www.fujitsu.com/global/products/computing/peripheral/scanners/scansnap/feature/ssca.html.

34.     The Accused Instrumentalities perform "comparing, upon judging that said first apparatus and said second apparatus are connected, an identifier of said first apparatus with an identifier stored in said second apparatus."   For example, the Accused

Instrumentalities compare an identifier of the tablet/Smartphone device with an identifier stored on a PC or a MAC device. (e.g., "[O]nce you are logged into your preferred cloud service, scan your documents into ScanSnap Organizer on your computer and simply drag and drop the files into the ScanSnap Sync folder" https://www.scansnapworld.com/scansnapworld/how-to-use-scansnap-sync-2/).

Furthermore, the Accused Instrumentalities include LAN or WIFI devices configured to judge whether a PC or a MAC device is connected to tablet/Smartphone devices. (e.g., See figures below).



http://www.fujitsu.com/global/products/computing/peripheral/scanners/scansnap/feature/ssca.html.



https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-eng-brochure.pdf.  As another example, the Accused Instrumentalities provide that "[O]nly one mobile device can be connected at a time when scanning to a mobile device via a

computer." [http://www.fujitsu.com/global/products/computing/peripheral/scanners/scans nap/feature/ssca.html](http://www.fujitsu.com/global/products/computing/peripheral/scanners/scansnap/feature/ssca.html)

35.     The Accused Instrumentalities perform "comparing, when said identifier of said first apparatus corresponds to said identifier stored in said second apparatus, a first list of content data of said first apparatus and a second list of content data of said second apparatus."   For example, the Accused Instrumentalities compare an identifier of the tablet/Smartphone device with an identifier stored on a PC or a MAC device. (e.g., "[O]nce you are logged into your preferred cloud service, scan your documents into ScanSnap Organizer on your computer and simply drag and drop the files into the ScanSnap Sync folder" [https://www.scansnapworld.com/scansnapworld/how-to-use-scansnap-sync-2/)](https://www.scansnapworld.com/scansnapworld/how-to-use-scansnap-sync-2/). Moreover, the Accused Instrumentalities provide ScanSnap Organizer running on the PC or MAC devices. [http://scansnap.fujitsu.com/download/organizer/P2WW-1850-01ENZ0.pdf](http://scansnap.fujitsu.com/download/organizer/P2WW-1850-01ENZ0.pdf).   As another example, the Accused Instrumentalities compares a list of files and folders scanned into ScanSnap Sync folder with files and folders available on the tablet/Smartphone device. (See figures below).



[http://www.fujitsu.com/downloads/COMP/fel/scanners/documents/p2ww-2621-01enz0.pdf](http://www.fujitsu.com/downloads/COMP/fel/scanners/documents/p2ww-2621-01enz0.pdf).



http://www.documentsnap.com/scansnap-sync/.



http://www.documentsnap.com/scansnap-sync/.          Specifically,    the    Accused

Instrumentalities are configured to compare files and folders stored in the ScanSnap Sync

folder of a PC or a MAC device with the files and folders in ScanSnap Sync of a

tablet/Smartphone device.  Moreover, the Accused Instrumentalities disclose "[S]canned

data    will    be    synced    automatically    through    your    chosen    cloud    service."

https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-eng-brochure.pdf.

36.    The Accused Instrumentalities further perform "transferring, from the second apparatus to the first apparatus, first content data, which is registered in said second list and is not registered in said first list."  For example, the Accused Instrumentalities are configured to transfer files or folders in the ScanSnap Sync folder.  As another example, the Accused Instrumentalities disclose "[S]canned data will be synced automatically through your chosen cloud service."



https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-eng-brochure.pdf.

37.    The Accused Instrumentalities perform "deleting, from the first apparatus, second content data, which is registered in said first list and is not registered in said second list."  For example, the Accused Instrumentalities disclose "[I]n the ScanSnap Organizer Viewer, files can be shown and edited (pages can be rotated, deleted, moved, inserted, deskewed, and cropped, and keywords can be added to a file)."

| | Delete | Deletes the selected cabinet, folder, or file. |
|---|---|---|

http://www.fujitsu.com/downloads/COMP/fel/scanners/documents/p2ww-2621-01enz0.pdf.  Moreover, the Accused Instrumentalities disclose "[S]canned data will be synced automatically through your chosen cloud service."



https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-eng-brochure.pdf.

38.     Fujitsu also infringes other claims of the '537 Patent, directly and through inducing infringement and contributory infringement.

39.     By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, and touting the benefits of using the Accused Instrumentalities' accused features, Fujitsu has injured Data Scape and is liable to Data Scape for infringement of the '537 Patent pursuant to 35 U.S.C. § 271.

40.     As a result of Fujitsu's infringement of the '537 Patent, Plaintiff Data Scape is entitled to monetary damages in an amount adequate to compensate for Fujitsu's infringement, but in no event less than a reasonable royalty for the use made of the invention by Fujitsu, together with interest and costs as fixed by the Court.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 8,386,581

41.     Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

42.     Data Scape is the owner by assignment of United States Patent No. 8,386,581 ("the '581 Patent") entitled "Communication System And Its Method and Communication Apparatus And Its Method." The '581 Patent was duly and legally issued by the United States Patent and Trademark Office on Feb. 26, 2013.  A true and correct copy of the '581 Patent is included as Exhibit C.

43.     On information and belief, Fujitsu has offered for sale, sold and/or imported into the United States Fujitsu products and services that infringe the '581 patent, and continues to do so.  By way of illustrative example, these infringing products and services include, without limitation, Fujitsu's products and services, *e.g.*, ScanSnap Sync, ScanSnap iX500, iX100, SV600, S1300i and S1100i, ScanSnap Connect Application, ScanSnap Organizer, and all versions and variations thereof since the issuance of the '581 Patent ("Accused Instrumentalities").

44.     On information and belief, Fujitsu has directly infringed and continues to infringe the '581 Patent, for example, by making, selling, offering for sale, and/or importing the Accused Instrumentalities, and through its own use and testing of the Accused Instrumentalities, which constitute communication apparatus of Claim 1 of the '581 Patent comprising: a storage unit configured to store content data to a storage medium; a communication unit configured to communicate with an external apparatus; a controller configured to edit a list so that content data is registered in the list, to uniquely associate the list with the external apparatus using a unique identification of the external apparatus, to extract the list associated with the external apparatus from a plurality of lists in the communication apparatus when the external apparatus is connected to the communication apparatus, and to control transferring of content data registered in the extracted list to the

external apparatus.   Upon information and belief, Fujitsu uses the Accused Instrumentalities, which are infringing systems, for its own internal non-testing business purposes, while testing the Accused Instrumentalities, and while providing technical support and repair services for the Accused Instrumentalities to Fujitsu's customers.

45.    On information and belief, Fujitsu has had knowledge of the '581 Patent since at least the filing of the original Complaint in this action, or shortly thereafter, and on information and belief, Fujitsu knew of the '581 Patent and knew of its infringement, including by way of this lawsuit. By the time of trial, Fujitsu will have known and intended (since receiving such notice) that their continued actions would actively induce and contribute to the infringement of the claims of the '581 Patent.

46.    On information and belief, use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the claims of the '581 Patent.

47.    Fujitsu's affirmative acts of making, using, selling, offering for sale, and/or importing the Accused Instrumentalities have induced and continue to induce users of the Accused Instrumentalities to use the Accused Instrumentalities in their normal and customary way to infringe the claims of the '581 Patent, knowing that when the Accused Instrumentalities are used in their ordinary and customary manner, such systems constitute infringing communication systems comprising: a storage unit configured to store content data to a storage medium; a communication unit configured to communicate with an external apparatus; a controller configured to edit a list so that content data is registered in the list, to uniquely associate the list with the external apparatus using a unique identification of the external apparatus, to extract the list associated with the external apparatus from a plurality of lists in the communication apparatus when the external apparatus is connected to the communication apparatus, and to control transferring of content data registered in the extracted list to the external apparatus.  For example, Fujitsu explains to customers the benefits of using the Accused Instrumentalities, such as by touting their advantages of enhancing "the overall 'organization' of scanned content

between systems." *See* http://www.fujitsu.com/us/about/resources/news/press-releases/2015/fcpa-20151102.html. Fujitsu also induces its customers to use the Accused Instrumentalities to infringe other claims of the '581 Patent. Fujitsu specifically intended and was aware that the normal and customary use of the Accused Instrumentalities on compatible systems would infringe the '581 Patent. Fujitsu performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '581 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement. On information and belief, Fujitsu engaged in such inducement to promote the sales of the Accused Instrumentalities, *e.g.,* through Fujitsu's user manuals, product support, marketing materials, demonstrations, installation support, and training materials to actively induce the users of the accused products to infringe the '581 Patent. Accordingly, Fujitsu as induced and continues to induce end users of the accused products to use the accused products in their ordinary and customary way with compatible systems to make and/or use systems infringing the '581 Patent, knowing that such use of the Accused Instrumentalities with compatible systems will result in infringement of the '581 Patent. Accordingly, Fujitsu has been (since at least as of filing of the original complaint), and currently is, inducing infringement of the '581 Patent, in violation of 35 U.S.C. § 271(b).

48.     Fujitsu has also infringed, and continues to infringe, claims of the '581 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Instrumentalities, which are used in practicing the process, or using the systems, of the '581 patent, and constitute a material part of the invention. Fujitsu knows the components in the Accused Instrumentalities to be especially made or especially adapted for use in infringement of the '581 patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. For example, the ordinary way of using the Accused Instrumentalities infringes the patent claims, and as such, is especially

adapted for use in infringement. Accordingly, Fujitsu has been, and currently is, contributorily infringing the '581 patent, in violation of 35 U.S.C. § 271(c).

49.    The Accused Instrumentalities include "[a] communication apparatus comprising: a storage unit configured to store content data to a storage medium."  For example, the Accused Instrumentalities include ScanSnap scanners connected to a PC or a MAC device.  For example, the Accused Instrumentalities provide ScanSnap Organizer running on the PC or MAC devices with "70MB or more of free hard disk space."

### 1.1. System Requirements

The following system requirements are essential for ScanSnap Organizer.

| PC | CPU | Intel® Pentium® III Processor 600MHz or higher (Intel® Pentium® 4 Processor 1.8GHz or higher recommended) |
|---|---|---|
| | RAM | 128MB or more |
| | Hard disk space | 70MB or more of free hard disk space is essential |
| Operating System | | · Windows 98, or Windows 98 Second Edition<br>· Windows Me<br>· Windows 2000<br>· Windows XP |

http://scansnap.fujitsu.com/download/organizer/P2WW-1850-01ENZ0.pdf.

50.    The Accused Instrumentalities include "a communication unit configured to communicate with an external apparatus."  For example, the Accused Instrumentalities include a router configured to communicate data between a PC or a MAC device and tablet/Smartphone devices.



http://www.fujitsu.com/global/products/computing/peripheral/scanners/scansnap/feature/ssca.html.  As another example, the Accused Instrumentalities include networking devices configured to communicate with an external apparatus (e.g., see figure below).



https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-eng-brochure.pdf.

51.     The Accused Instrumentalities further include "a controller configured to uniquely associate the list with the external apparatus using a unique identification of the external apparatus."  For example, the Accused Instrumentalities associates a PC or a MAC device with the external tablet/Smartphone device using a unique identification. (e.g., "[O]nce you are logged into your preferred cloud service, scan your documents into ScanSnap Organizer on your computer and simply drag and drop the files into the ScanSnap Sync folder" https://www.scansnapworld.com/scansnapworld/how-to-use-scansnap-sync-2/).  Moreover, the Accused Instrumentalities provide ScanSnap Organizer running on the PC or MAC devices. http://scansnap.fujitsu.com/download/organizer/P2WW-1850-01ENZ0.pdf.  As such, the Accused Instrumentalities associates the list of files and folders scanned into ScanSnap Sync folder with the external tablet/Smartphone device. (See figures below).



http://www.documentsnap.com/scansnap-sync/.



http://www.documentsnap.com/scansnap-sync/.

More specifically, the Accused Instrumentalities are configured to associate files and folders stored in the ScanSnap Sync folder of a PC or a MAC device with the files and folders in ScanSnap Sync of a tablet/Smartphone device.   Moreover, the Accused Instrumentalities disclose "[S]canned data will be synced automatically through your chosen                                    cloud                                    service."

https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-eng-brochure.pdf.

52.    The Accused Instrumentalities further include "a controller configured to extract the list associated with the external apparatus from a plurality of lists in the communication apparatus when the external apparatus is connected to the communication apparatus."  For example, the Accused Instrumentalities include ScanSnap Sync folder that list files and folders associated with a tablet/Smartphone device. (e.g., see figure below).



http://www.documentsnap.com/scansnap-sync/.

53.     The Accused Instrumentalities further include "a controller configured to control transferring of content data registered in the extracted list to the external apparatus." For example, the Accused Instrumentalities provide ScanSnap Organizer running on the PC or MAC devices. http://scansnap.fujitsu.com/download/organizer/P2WW-1850-01ENZ0.pdf. As such, the Accused Instrumentalities include a controller configured to transfer files and folders scanned into ScanSnap Sync folder to the external tablet/Smartphone device. (e.g., see figures below).



http://www.documentsnap.com/scansnap-sync/.



[http://www.documentsnap.com/scansnap-sync/](http://www.documentsnap.com/scansnap-sync/).  Moreover, the Accused Instrumentalities disclose "[S]canned data will be synced automatically through your chosen cloud service." [https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-eng-brochure.pdf](https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-eng-brochure.pdf).

54.     Fujitsu also infringes other claims of the '581 Patent, directly and through inducing infringement and contributory infringement.

55.     By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, and touting the benefits of using the Accused Instrumentalities' accused features, Fujitsu has injured Data Scape and is liable to Data Scape for infringement of the '581 Patent pursuant to 35 U.S.C. § 271.

56.     As a result of Fujitsu's infringement of the '581 Patent, Plaintiff Data Scape is entitled to monetary damages in an amount adequate to compensate for Fujitsu's infringement, but in no event less than a reasonable royalty for the use made of the invention by Fujitsu, together with interest and costs as fixed by the Court.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 10,027,751

57.     Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

58.     Data Scape is the owner by assignment of United States Patent No. 10,027,751 ("the '751 Patent") entitled "Communication system and its method and communication apparatus and its method."  The '751 Patent was duly and legally issued by the United States Patent and Trademark Office on July 17, 2018.  A true and correct copy of the '751 Patent is included as Exhibit D.

59.     On information and belief, Fujitsu has offered for sale, sold and/or imported into the United States Fujitsu products and services that infringe the '751 patent, and continues to do so.  By way of illustrative example, these infringing products and services include, without limitation, Fujitsu's products and services, *e.g.*, ScanSnap Sync, ScanSnap iX500, iX100, SV600, S1300i and S1100i, ScanSnap Connect Application, ScanSnap Organizer, and all versions and variations thereof since the issuance of the '751 Patent ("Accused Instrumentalities").

60.     On information and belief, Fujitsu has directly infringed and continues to infringe the '751 Patent, for example, by making, selling, offering for sale, and/or importing the Accused Instrumentalities, and through its own use and testing of the Accused Instrumentalities, which constitute a communication apparatus of Claim 1 of the '751 Patent configured to transmit data to an apparatus comprising: a hardware storage medium configured to store management information of data to be transferred to the apparatus; a communicator configured to communicate data with the apparatus; a detector configured to detect whether the communication apparatus and the apparatus are connected; an editor configured to select certain data to be transferred and to edit the management information based on the selection without regard to the connection of the communication apparatus and the apparatus; and a controller configured to control transfer

of the selected data stored in the communication apparatus to the apparatus via the communicator based on the management information edited by the editor when the detector detects that the communication apparatus and the apparatus are connected, wherein the controller is configured to compare the management information edited by the editor with management information of data stored in the apparatus, determine a size of the selected data in the communication apparatus, and transmit data in the communication apparatus based on result of the comparison and the determination.  Upon information and belief, Fujitsu uses the Accused Instrumentalities, which are infringing systems, for its own internal non-testing business purposes, while testing the Accused Instrumentalities, and while providing technical support and repair services for the Accused Instrumentalities to Fujitsu's customers.

61.     On information and belief, Fujitsu has had knowledge of the '751 Patent since at least the filing of the original Complaint in this action, or shortly thereafter, and on information and belief, Fujitsu knew of the '751 Patent and knew of its infringement, including by way of this lawsuit. By the time of trial, Fujitsu will have known and intended (since receiving such notice) that their continued actions would actively induce and contribute to the infringement of the claims of the '751 Patent.

62.     On information and belief, use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the claims of the '751 Patent.

63.     Fujitsu's affirmative acts of making, using, selling, offering for sale, and/or importing the Accused Instrumentalities have induced and continue to induce users of the Accused Instrumentalities to use the Accused Instrumentalities in their normal and customary way to infringe the claims of the '751 Patent, knowing that when the Accused Instrumentalities are used in their ordinary and customary manner, such systems constitute infringing communication systems comprising: a hardware storage medium configured to store management information of data to be transferred to the apparatus; a communicator configured to communicate data with the apparatus; a detector configured to detect whether

the communication apparatus and the apparatus are connected; an editor configured to select certain data to be transferred and to edit the management information based on the selection without regard to the connection of the communication apparatus and the apparatus; and a controller configured to control transfer of the selected data stored in the communication apparatus to the apparatus via the communicator based on the management information edited by the editor when the detector detects that the communication apparatus and the apparatus are connected, wherein the controller is configured to compare the management information edited by the editor with management information of data stored in the apparatus, determine a size of the selected data in the communication apparatus, and transmit data in the communication apparatus based on result of the comparison and the determination.  For example, Fujitsu explains to customers the benefits of using the Accused Instrumentalities, such as by touting their advantages of enhancing "the overall 'organization' of scanned content between systems."  *See* http://www.fujitsu.com/us/about/resources/news/press-releases/2015/fcpa-20151102.html.  Fujitsu also induces its customers to use the Accused Instrumentalities to infringe other claims of the '751 Patent.  Fujitsu specifically intended and was aware that the normal and customary use of the Accused Instrumentalities on compatible systems would infringe the '751 Patent.  Fujitsu performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '751 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, Fujitsu engaged in such inducement to promote the sales of the Accused Instrumentalities, *e.g.,* through Fujitsu's user manuals, product support, marketing materials, demonstrations, installation support, and training materials to actively induce the users of the accused products to infringe the '751 Patent.  Accordingly, Fujitsu as induced and continues to induce end users of the accused products to use the accused products in their ordinary and customary way with compatible systems to make and/or use systems infringing the '751 Patent, knowing that such use of the

Accused Instrumentalities with compatible systems will result in infringement of the '751 Patent. Accordingly, Fujitsu has been (since at least as of filing of the original complaint), and currently is, inducing infringement of the '751 Patent, in violation of 35 U.S.C. § 271(b).

64.     Fujitsu has also infringed, and continues to infringe, claims of the '751 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Instrumentalities, which are used in practicing the process, or using the systems, of the '751 patent, and constitute a material part of the invention.  Fujitsu knows the components in the Accused Instrumentalities to be especially made or especially adapted for use in infringement of the '751 patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. For example, the ordinary way of using the Accused Instrumentalities infringes the patent claims, and as such, is especially adapted for use in infringement. Accordingly, Fujitsu has been, and currently is, contributorily infringing the '751 patent, in violation of 35 U.S.C. § 271(c).

65.     The Accused Instrumentalities include "[a] communication apparatus configured to transmit data to an apparatus, the communication apparatus comprising: a hardware storage medium configured to store management information of data to be transferred to the apparatus."  For example, the Accused Instrumentalities include ScanSnap scanners connected to a PC or a MAC device.  For example, the Accused Instrumentalities provide ScanSnap Organizer running on the PC or MAC devices with "70MB or more of free hard disk space."

## 1.1. System Requirements

The following system requirements are essential for ScanSnap Organizer.

| PC | CPU | Intel® Pentium® III Processor 600MHz or higher (Intel® Pentium® 4 Processor 1.8GHz or higher recommended) |
|---|---|---|
|  | RAM | 128MB or more |
|  | Hard disk space | 70MB or more of free hard disk space is essential |
| Operating System |  | ・   Windows 98, or Windows 98 Second Edition<br>・   Windows Me<br>・   Windows 2000<br>・   Windows XP |

http://scansnap.fujitsu.com/download/organizer/P2WW-1850-01ENZ0.pdf.    As  another

example,  the  Accused  Instrumentalities  store  management  information  about  files  and

folders structure in the ScanSnap Sync folder.



http://www.documentsnap.com/scansnap-sync/.  Moreover, the Accused Instrumentalities

disclose "[S]canned data will be synced automatically through your chosen cloud service."



https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-

eng-brochure.pdf.   As another example, files and folders stored in the ScanSnap Sync

folder of a PC or a MAC device are transferred to a mobile device (e.g., iPad®, iPhone®

or Android).



http://www.documentsnap.com/scansnap-sync/.

66.      The Accused Instrumentalities include "a communicator configured to communicate data with the apparatus."  For example, the Accused Instrumentalities include a router configured to communicate data between a PC or a MAC device and tablet/Smartphone devices.



http://www.fujitsu.com/global/products/computing/peripheral/scanners/scansnap/feature/ssca.html.  As another example, the Accused Instrumentalities include networking devices configured to communicate with an external apparatus (e.g., see figure below).



https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-eng-brochure.pdf.

67.     The Accused Instrumentalities include "a detector configured to detect whether the communication apparatus and the apparatus are connected."  For example, the Accused Instrumentalities include LAN or WIFI devices configured to detect whether a PC or a MAC device is connected to tablet/Smartphone devices. (e.g., See figures below). As another example, the Accused Instrumentalities include networking devices configured to detect whether a PC or a MAC device is connected to tablet/Smartphone devices (e.g., see figure below).



http://www.fujitsu.com/global/products/computing/peripheral/scanners/scansnap/feature/ssca.html.



https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-eng-brochure.pdf.  As another example, the Accused Instrumentalities provide that "[O]nly one mobile device can be connected at a time when scanning to a mobile device via a computer."  http://www.fujitsu.com/global/products/computing/peripheral/scanners/scansnap/feature/ssca.html.

68.    The Accused Instrumentalities include "an editor configured to select certain data to be transferred and to edit the management information based on the selection without regard to the connection of the communication apparatus and the apparatus."  For example, the Accused Instrumentalities selects files placed into ScanSnap Sync folder to be transferred to IOS or Android, PC or MAC devices.  As such, ScanSnap Organizer running on a PC or a MAC device edits the management information as new files or folders are dragged into ScanSnap Sync folder. (e.g., See figures below).

41

In ScanSnap Organizer, drag the documents or folders you want to synchronize onto the ScanSnap Sync menu item.



http://www.documentsnap.com/scansnap-sync/.



http://www.documentsnap.com/scansnap-sync/.

Here I added a new PDF to Windows ScanSnap Organizer:



It almost immediately appeared in ScanSnap Organizer on the Mac.



Once you've selected a Cloud service in ScanSnap Connect on your iOS or Android device, the files and folders you have saved in ScanSnap Sync on your computers should appear.



http://www.documentsnap.com/scansnap-sync/.    As another example, the Accused Instrumentalities disclose that scanned data in ScanSnap Sync folder "will be synced automatically through your chosen cloud service."



https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-eng-brochure.pdf.

69.     The Accused Instrumentalities include "a controller configured to control transfer of the selected data stored in the communication apparatus to the apparatus via the communicator based on the management information edited by the editor when the detector detects that the communication apparatus and the apparatus are connected."  For example, the Accused Instrumentalities include LAN or WIFI devices configured to detect whether a PC or a MAC device is connected to tablet/Smartphone devices. (e.g., See figures below).



http://www.fujitsu.com/global/products/computing/peripheral/scanners/scansnap/feature/ssca.html.



https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-eng-brochure.pdf.  Moreover, the Accused Instrumentalities are configured to transfer files or folders in the ScanSnap Sync folder when a PC or a MAC device is connected to a tablet/Smartphone device.  As such, the Accused Instrumentalities disclose "[S]canned data will be synced automatically through your chosen cloud service." https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-eng-brochure.pdf.

70.    The Accused Instrumentalities further include a controller configured to "compare the management information edited by the editor with management information of data stored in the apparatus."  For example, the Accused Instrumentalities compares the management information edited by ScanSnap Organizer running on Windows with the management information stored in another ScanSnap Organizer running on Mac or in ScanSnap Connect running on IOS or Android devices. (e.g., See figures below).

Here I added a new PDF to Windows ScanSnap Organizer:



It almost immediately appeared in ScanSnap Organizer on the Mac.





http://www.documentsnap.com/scansnap-sync/.    As another example, the Accused
Instrumentalities disclose that scanned data in ScanSnap Sync folder "will be synced
automatically through your chosen cloud service."



https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-
eng-brochure.pdf.

    71.    The Accused Instrumentalities further include a controller configured to
"determine a size of the selected data in the communication apparatus."  For example, the

Accused Instrumentalities determine the size of files in the ScanSnap Sync folder (e.g., see figure below).



http://www.documentsnap.com/scansnap-sync/

72.     The Accused Instrumentalities further include a controller configured to "transmit data in the communication apparatus based on result of the comparison and the determination." For example, the Accused Instrumentalities disclose that scanned data in ScanSnap Sync folder "will be synced automatically through your chosen cloud service."



https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-eng-brochure.pdf.

73.     Fujitsu also infringes other claims of the '751 Patent, directly and through inducing infringement and contributory infringement.

74.     By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, and touting the benefits of using the Accused Instrumentalities' accused features, Fujitsu has injured Data Scape and is liable to Data Scape for infringement of the '751 Patent pursuant to 35 U.S.C. § 271.

75.     As a result of Fujitsu's infringement of the '751 Patent, Plaintiff Data Scape is entitled to monetary damages in an amount adequate to compensate for Fujitsu's infringement, but in no event less than a reasonable royalty for the use made of the invention by Fujitsu, together with interest and costs as fixed by the Court.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 9,715,893

76.     Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

77.     Data Scape is the owner by assignment of United States Patent No. 9,715,893 ("the '893 Patent") entitled "Recording apparatus, server apparatus, recording method, program and storage medium." The '893 Patent was duly and legally issued by the United States Patent and Trademark Office on Jul. 25, 2017.  A true and correct copy of the '893 Patent is included as Exhibit E.

78.     On information and belief, Fujitsu has offered for sale, sold and/or imported into the United States Fujitsu products and services that infringe the '893 patent, and continues to do so.  By way of illustrative example, these infringing products and services include, without limitation, Fujitsu's products and services, *e.g.*, ScanSnap Sync, ScanSnap iX500, iX100, SV600, S1300i and S1100i, ScanSnap Connect Application, ScanSnap Organizer, and all versions and variations thereof since the issuance of the '893 Patent ("Accused Instrumentalities").

79.     On information and belief, Fujitsu has directly infringed and continues to infringe the '893 Patent, for example, by making, selling, offering for sale, and/or importing the Accused Instrumentalities, and through its own use and testing of the

Accused Instrumentalities, which constitute an information processing apparatus of Claim 32 of the '893 Patent comprising: circuitry configured to automatically read first management data from a first storage medium, the first management data identifying files of source data recorded on the first storage medium, automatically identifying one of the files of source data based on the first management data and second management data, the second management data identifying files of transferred data stored on a second storage medium, the one of the files of source data being absent from the second storage medium, automatically transfer the one of the files of source data to the second storage medium, the one of the files of the source data being transferred becoming one of the files of transferred data, and automatically output transferring status of the one of the files of source data by a symbolic figure. Upon information and belief, Fujitsu uses the Accused Instrumentalities, which are infringing systems, for its own internal non-testing business purposes, while testing the Accused Instrumentalities, and while providing technical support and repair services for the Accused Instrumentalities to Fujitsu's customers.

80.     On information and belief, Fujitsu has had knowledge of the '893 Patent since at least the filing of the original Complaint in this action, or shortly thereafter, and on information and belief, Fujitsu knew of the '893 Patent and knew of its infringement, including by way of this lawsuit. By the time of trial, Fujitsu will have known and intended (since receiving such notice) that their continued actions would actively induce and contribute to the infringement of the claims of the '893 Patent.

81.     On information and belief, use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the claims of the '893 Patent.

82.     Fujitsu's affirmative acts of making, using, selling, offering for sale, and/or importing the Accused Instrumentalities have induced and continue to induce users of the Accused Instrumentalities to use the Accused Instrumentalities in their normal and customary way to infringe the claims of the '893 Patent, knowing that when the Accused Instrumentalities are used in their ordinary and customary manner, such systems constitute

an infringing information processing apparatus comprising: circuitry configured to automatically read first management data from a first storage medium, the first management data identifying files of source data recorded on the first storage medium, automatically identifying one of the files of source data based on the first management data and second management data, the second management data identifying files of transferred data stored on a second storage medium, the one of the files of source data being absent from the second storage medium, automatically transfer the one of the files of source data to the second storage medium, the one of the files of the source data being transferred becoming one of the files of transferred data, and automatically output transferring status of the one of the files of source data by a symbolic figure.  For example, Fujitsu explains to customers the benefits of using the Accused Instrumentalities, such as by touting their advantages of enhancing "the overall 'organization' of scanned content between systems."

*See* http://www.fujitsu.com/us/about/resources/news/press-releases/2015/fcpa-20151102.html.  Fujitsu also induces its customers to use the Accused Instrumentalities to infringe other claims of the '893 Patent.  Fujitsu specifically intended and was aware that the normal and customary use of the Accused Instrumentalities on compatible systems would infringe the '893 Patent.  Fujitsu performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '893 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, Fujitsu engaged in such inducement to promote the sales of the Accused Instrumentalities, *e.g.,* through Fujitsu's user manuals, product support, marketing materials, demonstrations, installation support, and training materials to actively induce the users of the accused products to infringe the '893 Patent.  Accordingly, Fujitsu as induced and continues to induce end users of the accused products to use the accused products in their ordinary and customary way with compatible systems to make and/or use systems infringing the '893 Patent, knowing that such use of the Accused Instrumentalities with compatible systems will result in infringement of the '893

Patent. Accordingly, Fujitsu has been (since at least as of filing of the original complaint), and currently is, inducing infringement of the '893 Patent, in violation of 35 U.S.C. § 271(b).

83.     Fujitsu has also infringed, and continues to infringe, claims of the '893 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Instrumentalities, which are used in practicing the process, or using the systems, of the '893 patent, and constitute a material part of the invention.  Fujitsu knows the components in the Accused Instrumentalities to be especially made or especially adapted for use in infringement of the '893 patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. For example, the ordinary way of using the Accused Instrumentalities infringes the patent claims, and as such, is especially adapted for use in infringement. Accordingly, Fujitsu has been, and currently is, contributorily infringing the '893 patent, in violation of 35 U.S.C. § 271(c).

84.     The Accused Instrumentalities include "[a]n information processing apparatus, comprising: circuitry configured to automatically read first management data from a first storage medium, the first management data identifying files of source data recorded on the first storage medium." For example, the Accused Instrumentalities include ScanSnap scanners connected to a PC or a MAC device.  For example, the Accused Instrumentalities provide ScanSnap Organizer running on the PC or MAC devices with "70MB or more of free hard disk space."

### 1.1. System Requirements

The following system requirements are essential for ScanSnap Organizer.

| PC | CPU | Intel® Pentium® III Processor 600MHz or higher (Intel® Pentium® 4 Processor 1.8GHz or higher recommended) |
|---|---|---|
| | RAM | 128MB or more |
| | Hard disk space | 70MB or more of free hard disk space is essential |
| Operating System | | · Windows 98, or Windows 98 Second Edition<br>· Windows Me<br>· Windows 2000<br>· Windows XP |

http://scansnap.fujitsu.com/download/organizer/P2WW-1850-01ENZ0.pdf.   As another example, the Accused Instrumentalities read stored management data about files and folders in the ScanSnap Sync folder. (e.g., see figures below).



http://www.documentsnap.com/scansnap-sync/.



http://www.documentsnap.com/scansnap-sync/.

85.    The Accused Instrumentalities include circuitry configured to "automatically identifying one of the files of source data based on the first management data and second management data, the second management data identifying files of transferred data stored on a second storage medium, the one of the files of source data being absent from the second storage medium."   For example, the Accused Instrumentalities disclose that scanned data in ScanSnap Sync folder "will be synced automatically through your chosen cloud service."



https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-eng-brochure.pdf.  For example, the Accused Instrumentalities compares the management data stored in ScanSnap Organizer running on Windows with the management data stored in another ScanSnap Organizer running on a Mac or in a ScanSnap Connect application running on IOS or Android devices. (e.g., See figures below).

Here I added a new PDF to Windows ScanSnap Organizer:



It almost immediately appeared in ScanSnap Organizer on the Mac.



Once you've selected a Cloud service in ScanSnap Connect on your iOS or Android device, the files and folders you have saved in ScanSnap Sync on your computers should appear.



http://www.documentsnap.com/scansnap-sync/.     As another example, the Accused

Instrumentalities disclose "[O]nce you are logged into your preferred cloud service, scan

your documents into ScanSnap Organizer on your computer and simply drag and drop the

files into the ScanSnap Sync folder. Your PDFs or JPEGs will automatically sync on your

mobile device."   https://www.scansnapworld.com/scansnapworld/how-to-use-scansnap-sync-2/.

86.    The Accused Instrumentalities further include circuitry configured to "automatically transfer the one of the files of source data to the second storage medium, the one of the files of the source data being transferred becoming one of the files of transferred data."  For example, the Accused Instrumentalities transfer files from a PC or a Mac device to IOS or Android devices. (e.g., See figures below).

Here I added a new PDF to Windows ScanSnap Organizer:



It almost immediately appeared in ScanSnap Organizer on the Mac.



Once you've selected a Cloud service in ScanSnap Connect on your iOS or Android device, the files and folders you have saved in ScanSnap Sync on your computers should appear.



http://www.documentsnap.com/scansnap-sync/.    As another example, the Accused Instrumentalities disclose that scanned data in ScanSnap Sync folder "will be synced automatically through your chosen cloud service."



https://www.fujitsu.com/downloads/COMP/fel/scanners/documents/brochures/s1100i-eng-brochure.pdf.

87.     The Accused Instrumentalities further include circuitry configured to "automatically output transferring status of the one of the files of source data by a symbolic figure."  For example, the Accused Instrumentalities provide symbolic figures indicating transferring status of transferred source files. (e.g., see figure below).



http://www.documentsnap.com/scansnap-sync/.

88.     Fujitsu also infringes other claims of the '751 Patent, directly and through inducing infringement and contributory infringement.

89.     By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, and touting the benefits of using the Accused Instrumentalities' accused features, Fujitsu has injured Data Scape and is liable to Data Scape for infringement of the '751 Patent pursuant to 35 U.S.C. § 271.

90.     As a result of Fujitsu's infringement of the '751 Patent, Plaintiff Data Scape is entitled to monetary damages in an amount adequate to compensate for Fujitsu's infringement, but in no event less than a reasonable royalty for the use made of the invention by Fujitsu, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Data Scape respectfully requests that this Court enter:

a.     A judgment in favor of Plaintiff that Fujitsu has infringed, either literally and/or under the doctrine of equivalents, the '929 Patent, the '537 Patent, the '581 Patent, the '751 Patent, and the '893 Patent (the "asserted patents");

b.     A permanent injunction prohibiting Fujitsu from further acts of infringement of the asserted patents;

c.     A judgment and order requiring Fujitsu to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for its infringement of the asserted patents, as provided under 35 U.S.C. § 284;

d.     A judgment and order requiring Fujitsu to provide an accounting and to pay supplemental damages to Data Scape, including without limitation, prejudgment and post-judgment interest;

e.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Fujitsu; and

f.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  December 27, 2018                    Respectfully submitted,


                                             /s/ Reza Mirzaie
                                             RUSS AUGUST & KABAT
                                             Marc A. Fenster, SBN 181067
                                             Email: mfenster@raklaw.com
                                             Reza Mirzaie (CA SBN 246953)
                                             Email: rmirzaie@raklaw.com
                                             Brian D. Ledahl (CA SBN 186579)
                                             Email: bledahl@raklaw.com
                                             Paul A. Kroeger (CA SBN 229074)
                                             Email: pkroeger@raklaw.com
                                             C. Jay Chung (CA SBN 252794)
                                             Email: jchung@raklaw.com
                                             Philip X. Wang (CA SBN 262239)
                                             Email: pwang@raklaw.com
                                             12424 Wilshire Boulevard, 12th Floor
                                             Los Angeles, California 90025
                                             Telephone: (310) 826-7474
                                             Facsimile: (310) 826-6991

                                             *Attorneys for Plaintiff Data Scape Limited*