IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DATA SCAPE LIMITED, | § | |
| | § | |
| v. | § | C.A. No.: 6:18-cv-00659 |
| | § | |
| PFU (EMEA) LIMITED, and | § | |
| FUJITSU LIMITED, | § | |

**DEFENDANT FUJITSU LIMITED'S MOTION TO DISMISS**

DEFENDANT FUJITSU LIMITED respectfully moves to dismiss the Complaint for Patent Infringement of DATA SCAPE LIMITED ("Plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) and to quash the summons on the basis of insufficient service. This motion is based on this Court's power to dismiss cases pursuant to Federal Rules of Civil Procedure (12)(b)(2) and 12(b)(5) and/or quash due to the failure to properly serve Fujitsu Limited.

## I. Factual Background

On December 27, 2018, Plaintiff commenced this action by filing a complaint asserting patent infringement against two defendants, Fujitsu Limited and PFU (EMEA) Limited. Doc. 1. According to the complaint, Fujitsu Limited "is a Japanese corporation with its principal place of business at Shiodome City Center, 1-5-2, Higashi-Shimbashi, Minato-ku, Tokyo 105-7123, Japan." *Id.*, ¶ 2. The complaint does not allege that Fujitsu Limited has a place of business in this district, or anywhere else in the U.S. In fact, Fujitsu Limited does not operate a place of business in this district.[1]

---

[1] By making this motion, Fujitsu Limited does not concede that the Court has personal jurisdiction over it, nor does it intend to waive the right to raise the issue of personal jurisdiction in the future should it become necessary to do so. Rather, Fujitsu Limited expressly reserves the right to argue that it is not subject to jurisdiction because it does not do business in the U.S.

1

Plaintiff filed a proof of service on January 15, 2019 indicating that it had served a summons and the complaint on Fujitsu Limited by sending the summons and complaint by registered mail – return receipt requested. Doc. 11. The proof of service is signed by Alexandra Loew, a legal assistant with Plaintiff's counsel, and attaches a copy of a U.S. Postal Service return receipt card, which shows that the summons and complaint were mailed to "Fujitsu Limited, c/o CT Corporation System, 818 West Seventh Street, Los Angeles, CA 98017," and signed for (by stamp) by CT Corporation System ("CT"). *Id*.

For the reasons discussed below, Fujitsu Limited has not been properly served. Although it need not take any action as it is not properly in the case, out of an abundance of caution it brings this motion to dismiss the complaint for improper service and/or to quash service.

## II.     Statement of the Issue

Should the Court dismiss the complaint as to Fujitsu Limited and/or quash on the basis of improper service of process in that: (1) Plaintiff did not serve the summons and complaint on a designated agent for service of process, and (2) the summons and complaint were not mailed by an authorized person under Texas law.

## III.     Argument

"[P]roper service is a prerequisite to personal jurisdiction in federal court." *Britton v. City of Dubuque*, No. A-15-CV-0033LY-ML, 2015 U.S. Dist. LEXIS 64946, at *8 (W.D. Tex. May 18, 2015). .In order for a federal court to exercise personal jurisdiction over a non-resident defendant: (1) a long-arm statute must authorize service of process on the non-resident defendant; and (2) the exercise of jurisdiction must comport with the Due Process Clause. *Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 778-79 (N.D. Tex. 2008*); Mgmt. Insights,*

*Inc. v. CIC Enters., Inc.*, 194 F. Supp. 2d 520, 524 (N.D. Tex. 2001). In Texas, service of process under the long-arm statute must be in strict compliance with the statute. *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 650 (5th Cir. 1988). The Plaintiff bears the burden of proof to establish the Court's personal jurisdiction. *Mgmt. Insights, Inc.*, 194 F. Supp. 2d at 524. This Court lacks personal jurisdiction over Fujitsu Limited because Plaintiff failed to have an authorized person such as a process server effect service on an authorized agent of Fujitsu Limited.

**A.     Plaintiff Did Not Serve An Authorized Agent Of Fujitsu Limited**

Plaintiff attempted to serve Fujitsu Limited by mailing the summons and complaint to CT in Los Angeles. Doc. 11. Service in that manner was not proper because Fujitsu Limited had not appointed CT as its designated agent for service.

Federal Rule of Civil Procedure 4(h)(1)(B) provides, in relevant part, service on a domestic or foreign corporation must be made "by delivering a copy of the summons and of the complaint to … any agent authorized or appointed by appointment or by law to receive service of process …." Rule 12(b)(5) permits a defendant to challenge a complaint by motion on the basis of "insufficient service of process." Once a defendant "has contested the validity of service, the plaintiff bears the burden of establishing service was valid." *Fundamental Innovation Systems International, LLC v. ZTE Corp.*, 3:17-cv-01827, 2018 WL 3330022 at *2 (N.D. Tex. March 16, 2018). A defendant can also contest service by bringing a motion to quash. *See Brewer v. Suzuki Motor of America, Inc.*, 4:15-cv-197, 2015 WL 4433046 (S.D. Tex. July 17, 2015).

CT did not have the authority to accept service on behalf of Fujitsu Limited.[2] Exhibit "A". Fujitsu Limited did not appoint CT as its agent for service of process. *Id.* For that reason, on January 11, 2019 – four days *before* Plaintiff filed the proof of service with the Court – CT sent a letter (by registered mail) to Reza Mirzaie, the attorney identified in the proof of service, informing counsel that "Fujitsu Limited is not listed on our records or the records of the State of CA. [¶] CT was unable to forward." *Id.* Plaintiff has not withdrawn the proof of service since receiving the letter from CT even though it knew at that point that the document was inaccurate. Fujitsu Limited never received the summons and complaint from CT, or from any other person purporting to serve it on behalf of Plaintiff.

Because Fujitsu Limited did not appoint CT as its agent for service of process, Plaintiff did not properly serve Fujitsu Limited by delivering the summons and complaint to CT. Fujitsu Limited respectfully requests that the Court dismiss the complaint as to Fujitsu Limited or quash the attempted service. *See Bronze & Beautiful, Inc. v. Mahone*, 750 S.W.2d 28, 29 (Tex.App. – Texarkana 1988, no writ) (holding that service of process defective when the receipt card was signed by someone who was not the registered agent).

Plaintiff may argue that because U.S. subsidiaries of Fujitsu Limited have appointed CT as their agent for service, it has "indirectly" served Fujitsu Limited through one or more of those subsidiaries by delivering the summons and complaint to CT. Such an argument would be flawed for at least two reasons. First, nothing about the summons sent to CT indicates it was being delivered to a subsidiary of Fujitsu Limited. The return receipt card attached to the proof of service identifies only one intended recipient of the posted materials: Fujitsu Limited. Doc. 11. CT certainly understood that the summons and complaint were not intended for a different

---

[2] A true and correct copy of a January 11, 2019 letter from CT Corp to Plaintiff's counsel is attached hereto as Exhibit "A".

4

Fujitsu entity, as it reported to Plaintiff that it could not forward the documents. Exhibit A. Plaintiff did not attempt to make indirect service on Fujitsu Limited.

Second, even if Plaintiff had delivered process to a Fujitsu Limited subsidiary, it would not have qualified as proper service on Fujitsu Limited. Service on a foreign corporation through a domestic subsidiary will be effective only if the foreign defendant has "actually authorized" the subsidiary to accept service on its behalf or if the parent "exercises such control over the domestic subsidiary that the two entities are essentially one …." *Paradigm Entertainment, Inc. v. Video System Co., Ltd.*, 3:99-cv-2004, 2000 WL 251731 at *3 ( N.D. Tex. March 3, 2000) ("Plaintiff has not offered sufficient evidence to show that such a control relationship existed"); *Fundamental Innovation Systems International*, 2018 WL 3330022 at *4 (ZTE did not exercise greater than normal control over U.S. subsidiary so service on subsidiary not proper); *Brewer*, 2015 WL 4433046 at *2 (plaintiff did not properly serve foreign parent by serving subsidiary). *See also Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 11 (5th Cir. 1983) (parent did not exert sufficient control of subsidiary to give court personal jurisdiction over it).

Plaintiff has not alleged – and cannot establish – either that Fujitsu Limited expressly authorized a U.S. subsidiary to accept service on its behalf or that it exercises such control over a U.S. subsidiary as to make them essentially the same entity. Therefore, service on a subsidiary – if Plaintiff had attempted it – would not qualify as service on Fujitsu Limited.

**B.     An Authorized Person Did Not Mail The Process To CT Corporation System**

Even if delivery to CT had been proper, the attempted service on Fujitsu Limited was still improper because the mailing of the summons and complaint to CT by Plaintiff's law firm did not comply with the Texas Rules of Civil Procedure. Federal Rule of Civil Procedure 4(h)(1) allows service "in the manner prescribed by Rule 4(e)(1)," which in turn provides for service by

"following state law for serving a summons." Texas Rule of Civil Procedure 103 permits service by registered mail, but only "by the clerk of the court in which the case is pending" or a person authorized by law (i.e., a private process server). *See P & H Transp. v. Robinson*, 930 S.W.2d 857, 859 (Tex. App. – Houston [1st Dist.] 1996, writ denied) (service by mail can be made by court clerk or person authorized by law).

According to the proof of service filed by Plaintiff, a paralegal in Plaintiff's law firm mailed the summons and complaint to CT. Doc. 11. That individual does not qualify as a person authorized by law to make service by registered mail. Accordingly, Plaintiff's attempted service on Fujitsu Limited by mail did not comply with Texas Rule 103 and was ineffective.

## IV.     Relief Requested

For the foregoing reasons, Fujitsu Limited respectfully request that the Court dismiss as to it Data Scape's Complaint for Patent Infringement pursuant to Federal Rule of Civil Procedure 12(b)(5) and/or quash service. Fujitsu Limited also respectfully requests all other and further relief to which it may be justly entitled under this motion.

Respectfully submitted,

*/s/ Steven N. Williams*
Steven N. Williams (swilliams@munsch.com)
Lead Attorney
State Bar No. 21577625
Greg C. Noschese, (gnoschese@munsch.com)
State Bar No. 00797164
Claire E. Carroll (ccarroll@munsch.com)
State Bar No. 24092224
MUNSCH HARDT KOPF & HARR PC
500 N. Akard Street, Suite 3800
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Robert H. Sloss
California State Bar No. 87757
Email: Robert.sloss@procopio.com
PROCOPIO, CORY, HARGREAVES &
SAVITCH LLP
1117 California Avenue
Palo Alto, California 94304
Telephone: (650) 645-9000
Facsimile: (619) 235-0398

**ATTORNEYS FOR FUJITSU LIMITED**

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule CV-5(a)(3)(A) the undersigned certifies that on January 31, 2019 all counsel of record who consent to electronic service are being served with a copy of this document via the Court's electronic filing system.

*/s/ Gregory C. Noschese*
Gregory C. Noschese

4821-5705-9718v.1 005022.00002